HENRY KOZIOL, *ET AL.*, PLAINTIFFS-RESPONDENTS, v. ROBERT J. BURKHARDT, AS SECRETARY OF STATE OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT. FRANK TEDESCO, *ET AL.*, INTERVENING DEFENDANTS-APPELLANTS, AND JOSEPH REGAN, AS SUPERINTENDENT OF THE BOARD OF ELECTIONS, COUNTY OF BERGEN, STATE OF NEW JERSEY, AND ALEXANDER ALLAN, AS CLERK OF THE COUNTY OF BERGEN, STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS.

Argued April 2, 1968—Decided April 3, 1968.

Mr. *Abram, A. Lebson,* argued the cause for appellants (*Messrs. Lebson & Prigoff,* and *Messrs. Lester & Kahn,* attorneys).

Mr. *Benjamin Boley,* of the District of Columbia Bar, and Mr. *David Friedland,* argued the cause for respondents, Koziol, *et al.* (*Messrs. Friedland, Schneider & Friedland,* and Mr. *Ronald J. Picinich,* attorneys).

Mr. *Hugo Pfaltz,* argued the cause for the General Assembly of the State of New Jersey (*Messrs. Bourne, Schmit, Burke & Noll,* attorneys).

Mr. *Stephen Skillman,* Deputy Attorney General, filed a brief on behalf of Robert J. Burkhardt, Secretary of State of the State of New Jersey (*Mr. Arthur J. Sills,* Attorney General, attorney).

Mr. *Frank J. Cuccio,* County Counsel, and Mr. *Lawrence Wolfberg,* First Assistant County Counsel, attorneys for Alexander Allan, County Clerk of Bergen County.

PER CURIAM. By Chapter 11, Laws of 1968, the Legislature amended the Congressional Districting Act (1966), *N. J. S. A.* 19:46–2 and 3, to provide a new line separating the Seventh and Ninth Districts, which districts comprise the whole of Bergen County. In approximate terms the 1966 statute created the mentioned districts by dividing Bergen County by a line running generally east and west, whereas the 1968 statute here involved divides the county by a line running generally north and south. The trial court concluded the 1968 statute survived all major attacks upon it

but held the statute invalid because of the disparity between the populations of the two districts and an element of non-contiguity. We certified the matter directly because of the statutory timetable relating to the forthcoming election and ordered immediate argument.

 We agree with the trial court that the Legislature had the power to deal with the subject of redistricting notwithstanding its comprehensive statute of 1966. There is no constitutional or congressional provision which expressly or impliedly limits the State Legislature to a single act of districting after each decennial census. There is no restriction on the federal scene comparable to Article 4, sec. 3, par. 3 of the New Jersey Constitution which states that the apportionment for the State Legislature shall remain unaltered until the next decennial census. We agree too with the trial court's holding that the amendatory act is not a special law within Article IV, Section VII, paragraph 8 of the State Constitution.

Plaintiffs say the line drawn by the 1966 statute for the two districts is *res judicata* by reason of our judgment in *Jones v. Falcey,* 48 *N. J.* 25 (1966). The case merely sustained the legislative action as to the Seventh and Ninth Districts with respect to the charges there leveled against them. The decision of course did not say that the adoption of a plan of districting exhausted the legislative power to deal with the subject.

██ The principal complaint seems to be that the Legislature was motivated by partisan political considerations in drawing the new line between the two districts. The attack is of the same nature as the one leveled at the 1966 statute and rejected in *Jones v. Falcey,* 48 *N. J.* 25, 31, 32–34 (1966). As there appears the east-west line replaced a north-south line which dated back at least to 1931 (see *N. J. S. A.* 19 :46–1). We said in *Jones v. Falcey, supra*:

"The trial court described such issues as non-justiciable. Perhaps it would be more accurate to say such issues are beyond judicial condemnation, not because the controversy is beyond the jurisdic-

tional authority of the Court, but rather because the Constitution does not prescribe a single approach or motivation for the drawing of district lines, and hence the Constitution is not offended merely because a partisan advantage is in view. Indeed, it would be difficult to separate partisan interests from other interests, since partisan interests may well be but a summation of such other interests. In addition, it would seem impossible for a court to pass upon the validity of political interests without itself making a political judgment or appearing to do so. For these reasons the view generally taken in this new area of judicial activity is that, if the mathematics are acceptable, it rests with the voters, rather than the Court, to review the soundness of the partisan decisions which may inhere in the lines the Legislature drew. Actual experience of course may generate exceptions to that approach." (48 *N. J.*, at *p.* 32)

To date there have been no developments in this area which persuade us to depart from these views.

■ The trial court found the 1968 amendment reduced the population disparity between the districts from 11,459 to 851. Nonetheless it found the amendment failed because the disparity could have been further reduced by moving certain whole municipalities between the districts. In fact with one plan the disparity would be reduced to 13. In holding that the Legislature was required to adopt the plan which attained the least disparity while preserving the Legislative thesis of respecting municipal lines, the trial court correctly applied *Jones v. Falcey*, 48 *N. J.*, at *p.* 37.[1]

■ Plaintiffs say the disparity under the plan just mentioned is in fact vastly greater than 13 if we look to certain population estimates for 1967 rather than the 1960 census figures. We need not consider whether the Legislature could use such interim estimates in a State-wide redistricting statute. The only question is whether the Legislature is required

---

[1] Plaintiffs point out that the disparity between the Seventh and Ninth Districts under the 1966 statute could have been greatly reduced, even on the east-west basis there involved, if Rochelle Park had been moved from the Ninth to the Seventh. This is so, but no one pressed that fact before us in *Jones v. Falcey*, 48 *N. J.*, at *p.* 31. Had it been noted by us, we would have insisted upon an amendment as we did with respect to other districts.

to use such estimates in making an amendment relating to only a part of the total scene. We are satisfied the Legislature was free to use the same decennial census figures upon which the 1966 act rested. The trial court was correct in so holding.

The constitutional difficulty which led the trial court to invalidate the 1968 amendment can be obviated by adopting the plan mentioned above (Exhibit D–1, 3/29/68 which would reduce the disparity to 13 and which incidentally would eliminate the minor non-contiguity objection mentioned earlier. The question is whether the Court should itself order the change or restrain the forthcoming election pending legislative action to that end. Our practice has been to leave such further steps to the legislative initiative. The trial court adhered to that course. Here, however, since the election statute requires administrative action by April 5 and since the required alterations would not depart from the basic legislative plan, it seems fitting for the Court to direct the necessary changes, subject of course to the power of the Legislature to adopt another plan consonant with constitutional principles.

Accordingly judgment will be entered in this Court sustaining the 1968 amendatory act, modified in accordance with Exhibit D–1 (3/29/68), copy of which is appended hereto.

Mandate to issue forthwith. No costs.

*For modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.

418

**D-1**
3/29/68
**BERGEN COUNTY**
COUNTY POPULATION — 780,255